STEPHEN N. ROSEN, ESQ.
California Bar No.: 296345
**SARIOL LEGAL**
1600 N. Broadway, Suite 650
Santa Ana, CA 92706
Phone: (714) 361-8200
Fax: (714) 361-8250
Email: steve@sariol.com

Attorneys for ANSELMO CRUZ VALDEZ

### IN THE UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSELMO CRUZ VALDEZ, an individual, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| COUNTY OF PLACER, a municipal subdivision, PLACER COUNTY SHERIFF'S DEPARTMENT, a government agency, EDWARD N. BONNER, in his personal and official capacity, DEPUTY ERIC BAKULICH, in his personal and official capacity, DEPUTY GARLAND H. LEW, in his personal and official capacity, K-9 DEPUTY SHAWN ROSNER, in his personal and official capacity, DEPUTY MATTHEW SPENCER, in his personal and official capacity, DEPUTY MATTHEW WINCZNER, in his personal and official capacity, DEPUTY ERIC HINTZE, in his personal and official capacity, DEPUTY SAMUEL ROSE, in his personal and official capacity, SERGEANT JOSHUA BARNHART, in his personal and official capacity, DOES I - XX; and ROE ORGANIZATIONS I - XX, inclusive. | **COMPLAINT FOR CIVIL RIGHTS VIOLATIONS** |
| Defendant. | |

COMES NOW Plaintiff, ANSELMO CRUZ VALDEZ (hereinafter "Mr. Cruz"), by and through his counsel of record, STEPHEN N. ROSEN, ESQ. of SARIOL LEGAL, for his Complaint against Defendants and alleges as follows:

## I.   <u>INTRODUCTION</u>

1.     This is a case for damages arising out of excessive use of force, unlawful detention, racial discrimination, and false imprisonment by deprivation of liberty through various means, including forced labor, by Defendants, and each of them, against Mr. Cruz by way of unlawfully detaining Mr. Cruz, placing Mr. Cruz in custody without reasonable suspicion or probable cause for the same, <u>siccing a police attack dog against Mr. Cruz while he was detained in handcuffs</u> by Defendants, and then forcing Mr. Cruz to perform physical labor against his will while armed sheriff deputies stood guard.

2.     The police K-9 attack dog mauled Mr. Cruz, who was already in police custody, restrained by handcuffs, and placed in a submissive position by Defendants while Defendants acted under color of law in the course and scope of their employment as police officers.  This K-9 dog attacked Mr. Cruz upon the command of Defendants and pursuant to established Placer County and Placer County Sheriff's Department policies and procedures.

3.     By detaining Mr. Cruz, at gunpoint, with no basis for the same other than he was a Latino male delivering construction materials at night, Defendants have violated Mr. Cruz's fundamental Constitutional rights of equal protection and to be free from unlawful search and seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.  Moreover, Defendants' act of siccing an attack dog on Mr. Cruz while he was already subdued, in handcuffs, or otherwise in custody (even though the detention itself was illegal), and in no way resisting the officers, demonstrates wanton and gross violations of the Fourth and Fourteenth Amendments to the United States Constitution.  Such practices are also tortuous under California state common law and statutory schemes.

4.     Each of the Defendants had personal knowledge of the ongoing pattern and practice of excessive force policies trained into each officer and K-9 unit.  Defendants condoned, supported, engaged in, and encouraged the practices.

5.     Following the vicious attack and after Defendants verified that Mr. Cruz and his co-workers were on the property legally, Defendants required Mr. Cruz and his co-workers to continue

working under armed guard until the job was finished.  Mr. Cruz was provided medical assistance from the Fire Department but was not allowed to go to a hospital.  By requiring Mr. Cruz to labor against his will, Defendants unjustly deprived Ms. Cruz of his liberty interests and falsely imprisoned him, as defined by California state law.

## II.   <u>JURISDICTION</u>

6.     Plaintiff re-alleges and incorporates paragraphs 1 through 5 as though fully set forth herein.

7.     This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution.  This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights).  This court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of this same case or controversy under Article III of the United States Constitution.

## III.   <u>VENUE</u>

8.     Plaintiff re-alleges and incorporates paragraphs 1 through 7 as though fully set forth herein.

9.     Venue properly lies in the Eastern District of California, the district in which this claim arose, pursuant to 28 U.S.C. § 1391(b).

## IV.   <u>PARTIES</u>

10.     Plaintiff re-alleges and incorporates paragraphs 1 through 9 as though fully set forth herein.

11.     Plaintiff, Mr. Cruz, is, and at all relevant times has been, a 53-year old Latino man legally living and residing in the State of California.  Mr. Cruz is entitled to equal protection under the laws of the United States and to be free from unreasonable searches and seizures by law enforcement agents.

12.     Defendant COUNTY OF PLACER (hereinafter "Placer County") is a municipal subdivision within the State of California with the responsibility of maintaining a police force for the

benefit, safety, and service of its residents under color of law.  Placer County employs the PLACER COUNTY SHERIFF'S DEPARTMENT (hereinafter "Placer Sheriff's Department").  Placer County receives state and federal subsidies for this purpose.  Placer County maintains policies and procedures regarding the same, including K-9 utilization, K-9 training and handling, and policies for using K-9 units against suspected criminals.

13.     Defendant Placer Sheriff's Department is a government police agency charged by Placer County with the duty of maintaining law and order within Placer County under color of law.  Placer Sheriff's Department employs Defendants EDWARD N. BONNER, SERGEANT JOSHUA BARNHART, K-9 DEPUTY SHAWN ROSNER, DEPUTY ERIC BAKULICH, DEPUTY GARLAND LEW, DEPUTY MATTHEW SPENCER, DEPUTY MATTHEW WINCZNER, DEPUTY ERIC HINTZE, and DEPUTY SAMUEL ROSE.  Placer Sheriff's Department maintains policies and procedures regarding the same, including K-9 utilization, K-9 training and handling, and policies for using K-9 units against suspected criminals.

14.     Defendant EDWARD N. BONNER (hereinafter "Sheriff Bonner") is the Sheriff Coroner-Marshall of Placer County.  Sheriff Bonner is responsible for supervising, controlling, and maintaining all aspects of the Placer Sheriff's Department, including policer officer training and tactics, including K-9 training, usage, and implementation.  Sheriff Bonner is entrusted with ensuring that, in the course of conducting police work, deputies under his command do not violate suspects' state or federally guaranteed Constitutional rights.  He is being sued in his individual and official capacity.

15.     Defendant SERGEANT JOSHUA BARNHART (hereinafter "Sergeant Barnhart") is a sergeant in the Placer County Sheriff's Department.  Sergeant Barnhart is responsible for supervising, controlling, and maintaining police officers assigned to his command.  Sheriff Bonner is entrusted with ensuring that, in the course of conducting police work, deputies under his command do not violate suspects' federally guaranteed Constitutional rights.  At all times relevant herein, Sergeant Barnhart partook in the subject incident by exercising excessive force against Mr. Cruz, profiling Mr. Cruz on the basis of race, assaulting Mr. Cruz without justification, improperly depriving Mr. Cruz of

fundamental Constitutional rights, and falsely imprisoning Mr. Cruz. He is being sued in his individual and official capacity.

16.     Defendant K-9 DEPUTY SHAWN ROSNER (hereinafter "Deputy Rosner") is a deputy sheriff in the Placer County Sheriff's Department. At all times relevant herein, Deputy Rosner operated and controlled a K-9 police dog that bit Mr. Cruz. Deputy Rosner partook in the subject incident by utilizing his K-9 dog to attack Mr. Cruz while he was handcuffed. At all times relevant herein, Deputy Rosner partook in the subject incident by exercising excessive force against Mr. Cruz, profiling Mr. Cruz on the basis of race, improperly depriving Mr. Cruz of fundamental Constitutional rights, and falsely imprisoning Mr. Cruz. He is being sued in his individual and official capacity.

17.     Defendant DEPUTY ERIC BAKULICH (hereinafter "Deputy Bakulich") is a deputy sheriff in the Placer County Sheriff's Department. At all times relevant herein, Deputy Bakulich partook in the subject incident by exercising excessive force against Mr. Cruz, profiling Mr. Cruz on the basis of race, assaulting Mr. Cruz without justification, improperly depriving Mr. Cruz of fundamental Constitutional rights, and falsely imprisoning Mr. Cruz. He is being sued in his individual and official capacity.

18.     Defendant DEPUTY GARLAND LEW (hereinafter "Deputy Lew") is a deputy sheriff in the Placer County Sheriff's Department. At all times relevant herein, Deputy Lew partook in the subject incident by exercising excessive force against Mr. Cruz, profiling Mr. Cruz on the basis of race, assaulting Mr. Cruz without justification, improperly depriving Mr. Cruz of fundamental Constitutional rights, and falsely imprisoning Mr. Cruz. He is being sued in his individual and official capacity.

19.     Defendant DEPUTY MATTHEW SPENCER (hereinafter "Deputy Spencer") is a deputy sheriff in the Placer County Sheriff's Department. At all times relevant herein, Deputy Spencer partook in the subject incident by exercising excessive force against Mr. Cruz, profiling Mr. Cruz on the basis of race, assaulting Mr. Cruz without justification, improperly depriving Mr. Cruz of fundamental Constitutional rights, and falsely imprisoning Mr. Cruz. He is being sued in his individual and official capacity.

20.     Defendant DEPUTY MATTHEW WINCZNER (hereinafter "Deputy Winczner") is a deputy sheriff in the Placer County Sheriff's Department.   At all times relevant herein, Deputy Winezner partook in the subject incident by exercising excessive force against Mr. Cruz, profiling Mr. Cruz on the basis of race, assaulting Mr. Cruz without justification, improperly depriving Mr. Cruz of fundamental Constitutional rights, and falsely imprisoning Mr. Cruz.   He is being sued in his individual and official capacity.

21.     Defendant DEPUTY ERIC HINTZE (hereinafter "Deputy Hintze") is a deputy sheriff in the Placer County Sheriff's Department.   At all times relevant herein, Deputy Hintze partook in the subject incident by exercising excessive force against Mr. Cruz, profiling Mr. Cruz on the basis of race, assaulting Mr. Cruz without justification, improperly depriving Mr. Cruz of fundamental Constitutional rights, and falsely imprisoning Mr. Cruz.  He is being sued in his individual and official capacity.

22.     Defendant DEPUTY SAMUEL ROSE (hereinafter "Deputy Rose") is a deputy sheriff in the Placer County Sheriff's Department.   At all times relevant herein, Deputy Rose partook in the subject incident by exercising excessive force against Mr. Cruz, profiling Mr. Cruz on the basis of race, assaulting Mr. Cruz without justification, improperly depriving Mr. Cruz of fundamental Constitutional rights, and falsely imprisoning Mr. Cruz.  He is being sued in his individual and official capacity.

23.     The true names or capacities, whether individual, corporate, associate or otherwise, of defendants, DOES I - XX, and ROE CORPORATIONS I - XX inclusive, are unknown to Plaintiff, who therefore sue said defendants by such fictitious names.  Plaintiff is informed and believes, and on such information and belief alleges, that each of the defendants designated herein as a DOE or ROE is negligently and intentionally responsible in some manner for the events and happenings herein referred to, and negligently and intentionally caused injury and damages proximately Plaintiff as alleged herein.

24.     Sergeant Barnhart, Deputy Rosner, Deputy Bakulich, Deputy Lew, Deputy Spencer, Deputy Winezner, Deputy Hintze, and Deputy Rose shall be collectively referred to as the "Participating Officers."

25.     Mr. Cruz is informed and believes and thereon alleges that each of the Defendants are responsible in some manner for the pattern and practice of events herein alleged, or are a necessary party for obtaining appropriate relief.  In performing each of the acts alleged in this Complaint and in omitting to do those acts that are alleged in this Complaint to have been legally required, each Defendant acted as an agent for each and all other Defendants.  The injuries inflicted upon Mr. Cruz occurred because of the actions and omissions of each and all of the Defendants.

## V.     **GENERAL FACTS**

26.     Plaintiff re-alleges and incorporates paragraphs 1 through 25 as though fully set forth herein.

27.     Mr. Cruz is a legal resident of the United States of America and the State of California.

28.     Mr. Cruz has worked as a laborer since 1993 to the present.

29.     On or about October 24, 2013, Mr. Cruz was working in his capacity as a laborer to deliver construction materials to a series of unfinished homes in the City of Sacramento with two co-workers.

30.     The construction of these homes were behind schedule, so Mr. Cruz and his co-workers needed to work overtime (at night after regular business hours) in order to deliver the materials in a timely manner.

31.     Mr. Cruz and his co-workers are Latino in ethnic heritage.

32.     At or around 10:30 PM on October 24, 2013, the Participating Officers arrived at site of Mr. Cruz's delivery.  The Participating Officers believed that Mr. Cruz and his co-workers were burglarizing the residence on the sole basis that they were Latino men carrying construction materials at night time.

33.     The Participating Officers forced Mr. Cruz and his co-workers onto the ground at gunpoint and threatened to kill Mr. Cruz and his co-workers if they did not comply.  Neither Mr. Cruz

nor his co-workers were armed nor did they display any signs of aggression towards the officers whatsoever.

34.     The Participating Officers handcuffed Mr. Cruz and his co-workers and ordered them to remain face down on the pavement.  Mr. Cruz complied with the Participating Officers' commands.

35.     After Mr. Cruz was laying face down on the pavement, with his hands tightly handcuffed behind his back, and while he was fully compliant and non-resistive, Deputy Rosner released his K-9 dog to attack Mr. Cruz.

36.     The K-9 dog, being specially trained, did as it was instructed and mauled Mr. Cruz.  Mr. Cruz suffered deep puncture wounds on the front and back of his inner tight near his groin.  After the dog was ordered away from Mr. Cruz, one of the Participating Officers lectured Mr. Cruz and his co-workers about being in the neighborhood at night.

37.     The Participating Officers' imposed an unconstitutional curfew on Mr. Cruz and his co-workers and required that if Mr. Cruz and his co-workers were going to be in the neighbourhood at night, they must get permission from the police first, or the police would detain them without question.

38.     Eventually, the fire department arrived and treated Mr. Cruz's dog bite wounds.  The fire department did not bring Mr. Cruz to the hospital nor would the Participating Officers allow him to be transported to the hospital.

39.     The Participating Officers verified that Mr. Cruz and his co-workers were working and on the premises lawfully.  At that time, deputies insisted that Mr. Cruz and his co-workers finish their delivery immediately and then leave the neighborhood.  Mr. Cruz did not want to continue working but the Participating Officers forced him.  The Participating Officers stood closely nearby to ensure that Mr. Cruz and his co-workers finished their work and escorted the men off the premises.

40.     Mr. Cruz nor his co-workers were charged with any crimes.

41.     On or about October 29, 2013, Mr. Cruz sought further medical treatment for injuries resulting from the Participating Officers' excessive force, which included deep puncture wounds on Mr. Cruz's right inner thigh.

42.     To date, neither Placer County, the Placer County Sheriff's Department, nor any of the Participating Officers have assisted Mr. Cruz with obtaining help for the injuries he sustained.  In fact, they have attempted to ignore this matter entirely.

43.     The act of using excessive force against minority members under the color of law has been a long held pattern and practice supported by Placer County and the Placer County Sheriff's Department.

44.     The Participating Officers, through direction and training by Placer County, the Placer County Sheriff's Department, and Sheriff Bonner, did use extreme and excessive force against Mr. Cruz and his co-workers when they drew their guns against Mr. Cruz and his co-workers, forced them to the ground, sicced an attack dog against Mr. Cruz, and forced Mr. Cruz to work against his will simply for being Latino men in the wrong neighborhood at night.

45.     The Participating Officers, through direction and training by Placer County, the Placer County Sheriff's Department, and Sheriff Bonner, engaged in sadistic and abusive punishment practices against Mr. Cruz and his co-workers that are not condoned under the Fourth Amendment to the United States Constitution as made applicable through the Fourteenth Amendment, nor under typical norms of basic human decency.

46.     The Participating Officers, through direction and training by Placer County, the Placer County Sheriff's Department, and Sheriff Bonner, engaged in racial discrimination and treated Mr. Cruz and his co-workers with excessive force on the basis of their race, in violation of the Equal Protection Clause of the Fourteenth Amendment.

47.     The Participating Officers, through direction and training by Placer County, the Placer County Sheriff's Department, and Sheriff Bonner, assaulted, battered, falsely imprisoned, and inflicted undue intentional and/or negligent emotional distress against Mr. Cruz and his co-workers.

48.     The Participating Officers, through direction and training by Placer County, the Placer County Sheriff's Department, and Sheriff Bonner, conspired to commit the above-mentioned acts against Mr. Cruz and his co-workers.

49.     The Participating Officers, through direction and training by Placer County, the Placer County Sheriff's Department, and Sheriff Bonner, abused the legal process and their police powers when they deprived Mr. Cruz of the fundamental Constitutional rights under the color of law.

50.     The Participating Officers, through direction and training by Placer County, the Placer County Sheriff's Department, and Sheriff Bonner, at the very least, acted negligently towards Mr. Cruz and his co-workers when they exercised extreme excessive force of ordering a K-9 unit to attack Mr. Cruz while he was subdued, in handcuffs, and fully compliance.  The Participating Officers, and each of them, owed a duty to Mr. Cruz to protect him from undue harm.   The Participating Officers breached that duty in exercising excessive force against him and using a specially trained dog to attack him while handcuffed.   The injuries that Mr. Cruz suffered were directly and proximately caused by the Participating Officers' excessive force.

51.     Due to the egregious nature of the abuse Mr. Cruz suffered at the hands of the Defendants, and each of them, Defendants are not entitled to absolute, qualified, partial, or any other type of immunity for their actions because their actions were not based in good faith.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(EXCESSIVE FORCE)**

52.     Plaintiff re-alleges and incorporates paragraphs 1 through 51 as though fully set forth herein.

53.     By and through actions described herein, the Defendants, under color of law, statute, ordinance, regulation, custom, or usage, subjected Mr. Cruz to the deprivation of rights, privileges, or immunities secured by the United States Constitution, laws of the United States, and the State of California.   In particular, a person in the United States has a constitutional right to be free from unreasonable searches and seizures.

54.     The Defendants' acts and practices under color of law described above, including, but not limited to, detaining Mr. Cruz at gunpoint for no reason other than he is a Latino man working in his lawful professions at night, forcing him to the ground, handcuffing him, siccing an attack dog on him, refusing him access to a hospital, and then forcing him to continue working under armed guard

(in that order), amongst other things, violates Mr. Cruz's Fourth and Fourteenth Amendment rights alone.  Not to mention that such acts were malicious, violent, intentional, and embarked upon with knowledge of, or in the conscious disregard of, the harm that would be inflicted upon Mr. Cruz.  Such acts violate the very basic typical norms of human decency.

55.     Mr. Cruz did not provoke the Participating Officers to act in this manner in any way and was fully compliant with their demands.  Even if not, no person deserves to be treated in the manner in which Mr. Cruz and his co-workers were at the hands of the Participating Officers on or about October 24, 2013.

56.     As a direct and proximate cause of the actions described above, Mr. Cruz sustained actual damages, including injuries to his person, pain, suffering, severe and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear of all authority figures, anguish, shock, nervousness, and anxiety in an amount to be ascertained according to proof at trial.

57.     The above-stated practices have been trained into the Participating Officers and have been supported by the County of Placer and the Placer County Sheriff's Department to this day.  Many of these tactics and policies are written and have been adopted by the Placer County Sheriff's Department as official instructions to their deputies.

58.     The actions taken, or not taken, by the Participating Officers, and the policies and procedures they were following, amounted to an express adoption of such practices, customs, or policies of police conduct towards suspects, especially minority suspects.

59.     Placer County and the Placer County Sheriff's Department knew or should have known about the abusive practices with respect to Mr. Cruz and other Latino suspects.  Such practices are so well settled as to constitute a custom or usage in Placer County.  Yet, Placer County and the Placer County Sheriff's Department failed to take any affirmative steps to abate these practices.

60.     In all of this, Defendants, and each of them, have acted under the color of state law, deprived Mr. Cruz of his rights, privileges, or immunities secured to him by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

61.     Mr. Cruz was forced to hire legal counsel to represent him in this matter and Mr. Cruz should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(EQUAL PROTECTION)**

62.     Plaintiff re-alleges and incorporates paragraphs 1 through 61 as though fully set forth herein.

63.     The actions of Defendants, as described above, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that such actions are not inflicted upon suspects of non-minority ethnicity.  In all of this, Defendants, and each of them, have, acting under the color of state law, deprived Mr. Cruz of his rights, privileges, or immunities secured to him by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

64.     The Defendants' acts and practices under color of law described above, including, but not limited to, detaining Mr. Cruz at gunpoint for no reason other than he is a Latino man working in his lawful professions at night, forcing him to the ground, handcuffing him, siccing an attack dog on him, refusing him access to a hospital, and then forcing him to continue working under armed guard (in that order), amongst other things, violates Mr. Cruz's Fourteenth Amendment right to Equal Protection.  Not to mention that such acts were malicious, violent, intentional, and embarked upon with knowledge of, or in the conscious disregard of, the harm that would be inflicted upon Mr. Cruz.  Such acts violate the very basic typical norms of human decency.

65.     As a direct and proximate cause of the actions described above, Mr. Cruz sustained actual damages, including injuries to his person, pain, suffering, severe and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear of all authority figures, anguish, shock, nervousness, and anxiety in an amount to be ascertained according to proof at trial.

66.     The above-stated practices have been trained into the Participating Officers and have been supported by the County of Placer and the Placer County Sheriff's Department to this day.  Many

of these tactics and policies are written and have been adopted by the Placer County Sheriff's Department as official instructions to their deputies.

67.     The actions taken, or not taken, by the Participating Officers, and the policies and procedures they were following, amounted to an express adoption of such practices, customs, or policies of police conduct towards suspects, especially minority suspects.

68.     Placer County and the Placer County Sheriff's Department knew or should have known about the abusive practices with respect to Mr. Cruz and other Latino suspects.  Such practices are so well settled as to constitute a custom or usage in Placer County.  Yet, Placer County and the Placer County Sheriff's Department failed to take any affirmative steps to abate these practices.

69.     In all of this, Defendants, and each of them, have acted under the color of state law, deprived Mr. Cruz of his rights, privileges, or immunities secured to him by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

70.     Mr. Cruz was forced to hire legal counsel to represent him in this matter and Mr. Cruz should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(UNLAWFUL DETENTION)**

71.     Plaintiff re-alleges and incorporates paragraphs 1 through 70 as though fully set forth herein.

72.     By and through actions described herein, the Defendants, under color of law, statute, ordinance, regulation, custom, or usage, subjected Mr. Cruz to the deprivation of rights, privileges, or immunities secured by the United States Constitution, laws of the United States, and the State of California in violation of 42 U.S.C. § 1983.  In particular, a person in the United States has a constitutional right to be free from unlawful detention.

73.     The Defendants' acts and practices under color of law described above, including, but not limited to, detaining Mr. Cruz at gunpoint for no reason other than he is a Latino man working in his lawful professions at night, forcing him to the ground, handcuffing him, siccing an attack dog on

him, refusing him access to a hospital, and then forcing him to continue working under armed guard (in that order), amongst other things, violates Mr. Cruz's Fourth Amendment right to be free from unlawful detention as applied to the states through the Fourteenth Amendment.  Not to mention that such acts were malicious, violent, intentional, and embarked upon with knowledge of, or in the conscious disregard of, the harm that would be inflicted upon Mr. Cruz.  Such acts violate the very basic typical norms of human decency.  Moreover, Mr. Cruz was not doing anything that would give Participating Officers probable cause to make an arrest nor even reasonable suspicion to make a stop.

74.     Mr. Cruz was not charged with any crime at the conclusion of this unfortunate event.

75.     As a direct and proximate cause of the actions described above, Mr. Cruz sustained actual damages, including injuries to his person, pain, suffering, severe and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear of all authority figures, anguish, shock, nervousness, and anxiety in an amount to be ascertained according to proof at trial.

76.     The above-stated practices have been trained into the Participating Officers and have been supported by the County of Placer and the Placer County Sheriff's Department to this day.  Many of these tactics and policies are written and have been adopted by the Placer County Sheriff's Department as official instructions to their deputies.

77.     The actions taken, or not taken, by the Participating Officers, and the policies and procedures they were following, amounted to an express adoption of such practices, customs, or policies of police conduct towards suspects, especially minority suspects.

78.     Placer County and the Placer County Sheriff's Department knew or should have known about the abusive practices with respect to Mr. Cruz and other Latino suspects.  Such practices are so well settled as to constitute a custom or usage in Placer County.  Yet, Placer County and the Placer County Sheriff's Department failed to take any affirmative steps to abate these practices.

79.     In all of this, Defendants, and each of them, have acted under the color of state law, deprived Mr. Cruz of his rights, privileges, or immunities secured to him by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

80.     Mr. Cruz was forced to hire legal counsel to represent him in this matter and Mr. Cruz should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**
**STATE LAW CLAIMS**
**(FALSE IMPRISONMENT)**

81.     Plaintiff re-alleges and incorporates paragraphs 1 through 80 as though fully set forth herein.

82.     Defendants, and each of them, violated and deprived Mr. Cruz of his personal liberty by detaining him and gunpoint without any reasonable suspicion or probable cause for the same.

83.     Moreover, Defendants, and each of them, violated and deprived Mr. Cruz of his personal liberty by forcing Mr. Cruz, under duress and despite protest, to resume his lawful delivery of cabinets at the scene of the incident against his will after being mauled by the Participating Officer's K-9 unit.

84.     As a direct and proximate cause of the actions described above, Mr. Cruz sustained actual damages, including injuries to his person, pain, suffering, severe and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear of all authority figures, anguish, shock, nervousness, and anxiety in an amount to be ascertained according to proof at trial.

85.     The above-stated practices have been trained into the Participating Officers and have been supported by the County of Placer and the Placer County Sheriff's Department to this day.  Many of these tactics and policies are written and have been adopted by the Placer County Sheriff's Department as official instructions to their deputies.

86.     The actions taken, or not taken, by the Participating Officers, and the policies and procedures they were following, amounted to an express adoption of such practices, customs, or policies of police conduct towards suspects, especially minority suspects.

87.     Placer County and the Placer County Sheriff's Department knew or should have known about the abusive practices with respect to Mr. Cruz and other Latino suspects. Such practices are so

well settled as to constitute a custom or usage in Placer County.  Yet, Placer County and the Placer County Sheriff's Department failed to take any affirmative steps to abate these practices.

88.     In all of this, Defendants, and each of them, have acted under the color of state law, deprived Mr. Cruz of his rights, privileges, or immunities secured to him by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

89.     Mr. Cruz was forced to hire legal counsel to represent him in this matter and Mr. Cruz should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

**FIFTH CAUSE OF ACTION**
**STATE LAW CLAIMS**
**(ASSAULT)**

90.     Plaintiff re-alleges and incorporates paragraphs 1 through 89 as though fully set forth herein.

91.     The Participating Officers assaulted Mr. Cruz by unlawfully attempting to use excessive force against him when they allowed, supported, encouraged, and acted in concert with Deputy Rosner releasing a K-9 attack dog against Mr. Cruz after he was placed in custody, handcuffed, and fully compliant.

92.     Moreover, the Participating Officers placed Mr. Cruz in reasonable fear of immediate bodily harm when they drew their guns without justification, pointed them at Mr. Cruz, and threatened to kill him if he did not comply with their commands.  As the Participating Officers had no legal basis to detain Mr. Cruz, and certainly no probable cause to make an arrest, the Participating Officers likewise had no basis to assault Mr. Cruz.

93.     As a direct and proximate cause of the actions described above, Mr. Cruz sustained actual damages, including injuries to his person, pain, suffering, severe and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear of all authority figures, anguish, shock, nervousness, and anxiety in an amount to be ascertained according to proof at trial.

94.     The above-stated practices have been trained into the Participating Officers and have been supported by the County of Placer and the Placer County Sheriff's Department to this day.  Many

of these tactics and policies are written and have been adopted by the Placer County Sheriff's Department as official instructions to their deputies.

95.     The actions taken, or not taken, by the Participating Officers, and the policies and procedures they were following, amounted to an express adoption of such practices, customs, or policies of police conduct towards suspects, especially minority suspects.

96.     Placer County and the Placer County Sheriff's Department knew or should have known about the abusive practices with respect to Mr. Cruz and other Latino suspects are so well settled as to constitute a custom or usage in Placer County and the City of Sacramento.  Yet, Placer County and the Placer County Sheriff's Department failed to take any affirmative steps to abate these practices.

97.     Mr. Cruz was forced to hire legal counsel to represent him in this matter and Mr. Cruz should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

### SIXTH CAUSE OF ACTION
### STATE LAW CLAIMS
### (BATTERY)

98.     Plaintiff re-alleges and incorporates paragraphs 1 through 97 as though fully set forth herein.

99.     The Participating Officers committed battery upon Mr. Cruz when they used wilful and unlawful force and violence against Mr. Cruz's person.  Specifically, the Participating Officers battered Mr. Cruz when they forced him to the ground, placed him in handcuffs, and then sicced an attack dog on him, which mauled Mr. Cruz and caused injury.

100.     As the Participating Officers had no legal basis to detain Mr. Cruz, and certainly no probable cause to make an arrest, the Participating Officers likewise had no basis to batter Mr. Cruz.

101.     As a direct and proximate cause of the actions described above, Mr. Cruz sustained actual damages, including injuries to his person, pain, suffering, severe and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear of all authority figures, anguish, shock, nervousness, and anxiety in an amount to be ascertained according to proof at trial.

102.    The above-stated practices have been trained into the Participating Officers and have been supported by the County of Placer and the Placer County Sheriff's Department to this day.  Many of these tactics and policies are written and have been adopted by the Placer County Sheriff's Department as official instructions to their deputies.

103.    The actions taken, or not taken, by the Participating Officers, and the policies and procedures they were following, amounted to an express adoption of such practices, customs, or policies of police conduct towards suspects, especially minority suspects.

104.    Placer County and the Placer County Sheriff's Department knew or should have known about the abusive practices with respect to Mr. Cruz and other Latino suspects.  Such practices are so well settled as to constitute a custom or usage in Placer County.  Yet, Placer County and the Placer County Sheriff's Department failed to take any affirmative steps to abate these practices.

105.    Mr. Cruz was forced to hire legal counsel to represent him in this matter and Mr. Cruz should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

**SEVENTH CAUSE OF ACTION**
**STATE LAW CLAIMS**
**(ABUSE OF PROCESS)**

106.    Plaintiff re-alleges and incorporates paragraphs 1 through 105 as though fully set forth herein.

107.    Defendants, and each of them, did abuse legal process by utilizing government imbued police powers under the color of law to assault, batter, intimidate, and place undue restrictions upon Mr. Cruz's liberty as a personal living in the United States and the State of California.

108.    Mr. Cruz was harmed as a result of this abusive activity and Defendants', and each of them, conduct was a substantial factor in causing Mr. Cruz's harm.

109.    Mr. Cruz was forced to hire legal counsel to represent him in this matter and Mr. Cruz should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

**EIGHTH CAUSE OF ACTION**
**STATE LAW CLAIMS**
**(CIVIL CONSPIRACY)**

110.     Plaintiff re-alleges and incorporates paragraphs 1 through 109 as though fully set forth herein.

111.     Defendants, and each of them, agreed to a common design to commit a wrong against Mr. Cruz by acting in concert, whether through policies, procedures, training, or physical participation, in the unlawful detention, assault, battery, and false imprisonment of Mr. Cruz without any legal basis.

112.     Defendants, and each of them, were aware that the Participating Officers planned to detain, assault, batter, and sic an attack dog on Mr. Cruz.  Defendants agreed to participate in this gruesome course of events and intended for the above-stated course of action to be committed.

113.     Mr. Cruz was forced to hire legal counsel to represent him in this matter and Mr. Cruz should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**NINTH CAUSE OF ACTION**
**STATE LAW CLAIMS**
**(NEGLIGENCE)**

114.     Plaintiff re-alleges and incorporates paragraphs 1 through 113 as though fully set forth herein.

115.     In the alternative to the above claims, Plaintiff brings the following claims of negligence against Defendants, and each of them:

**A.  NEGLIGENT HIRING, TRAINING, AND RETENTION**
(Against County of Placer, Placer County Sheriff's Department, and Sheriff Bonner)

116.     Plaintiff re-alleges and incorporates paragraphs 1 through 115 as though fully set forth herein.

117.     The County of Placer, Placer County Sheriff's Department, and Sheriff Bonner have a duty to supervise and train its police officers and K-9 units to discharge their duties under the color of law without infringing on the civil rights of civilians in Placer County without due process.

118.    County of Placer, Placer County Sheriff's Department, and Sheriff Bonner breached their duty to supervise and train their police officers and K-9 units by failing to provide and instill policies and procedures in their deputies to not unlawfully detain, assault, batter, or otherwise brutalize civilians contrary to their fundamental Constitutional rights.  Moreover, the County of Placer and the Placer County Sheriff's Department failed to abate racial profiling and unequal policing of individuals of certain ethnic minorities, especially Latino males.

119.    County of Placer, Placer County Sheriff's Department, and Sheriff Bonner have adopted a policy, procedure, and custom of not disciplining police officers for their conduct, thereby permitting the police officer's conduct, which amounted to a departmental policy of overlooking constitutional violations.

120.    The County of Placer, Placer County Sheriff's Department, and Sheriff Bonner's failure to supervise and train its deputies, and County of Placer, Placer County Sheriff's Department, and Sheriff Bonner's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to the rights of citizen including the right to be free from unreasonable search, seizure, and the rights conveyed to Mr. Cruz under California law.

121.    Even if County of Placer, Placer County Sheriff's Department, and Sheriff Bonner's practice of overlooking constitutional violations was not authorized by an officially adopted policy, the offending practices are so common and well-settled that they fairly represents official policy.

122.    County of Placer, Placer County Sheriff's Department, and Sheriff Bonner's failure to properly supervise and train their deputies, along with failing to develop policies and procedures protecting civilians' constitutional rights was the direct and proximate cause of the Participating Officers brutalizing Mr. Cruz, in the course and scope of their employment and under color of law, and forcing him to continue working despite having just been mauled by a police dog while in handcuffs.

123.    County of Placer, Placer County Sheriff's Department, and Sheriff Bonner acted with recklessness, wanton disregard, malice, oppression, and fraud in failing to supervise and train their deputies.

124.    As a direct and proximate cause of the actions described above, Mr. Cruz sustained actual damages, including injuries to his person, pain, suffering, severe and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear of all authority figures, anguish, shock, nervousness, and anxiety.

125.    Mr. Cruz was forced to hire legal counsel to represent him in this matter and Mr. Cruz should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

## B.  OFFICER NEGLIGENCE
(Against the Participating Officers)

126.    Plaintiff re-alleges and incorporates paragraphs 1 through 125 as though fully set forth herein.

127.    The Participating Officers, each and individually, but especially K-9 Deputy Rosner, had (and still have) a duty to care to protect Mr. Cruz against undue harm and violations of his civil rights.

128.    The Participating Officers, each and individually, but especially K-9 Deputy Rosner, breached that duty to Mr. Cruz when they detained him without legal basis, forced him to the ground at gunpoint, handcuffed him, sicced a K-9 attack dog against him, refused him access to a hospital, and then forced him to continue working against his will (in that order).

129.    The Participating Officers, each and individually, but especially K-9 Deputy Rosner, acted with recklessness, wanton disregard, malice, oppression, and fraud in failing to safeguard Mr. Cruz's constitutional rights, brutalizing him, allowing him to be attacked by a K-9 unit while he was in handcuffs and fully compliant, and then forcing Mr. Cruz to engage in involuntary servitude after being mauled.

130.    As a direct and proximate cause of the actions described above, Mr. Cruz sustained actual damages, including injuries to his person, pain, suffering, severe and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear of all authority figures, anguish, shock, nervousness, and anxiety.

131.    Mr. Cruz was forced to hire legal counsel to represent him in this matter and Mr. Cruz should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988.

### C.  RESPONDEAT SUPERIOR - NEGLIGENCE

(Against County of Placer, Placer County Sheriff's Department, and Sheriff Bonner)

132.    Plaintiff re-alleges and incorporates paragraphs 1 through 131 as though fully set forth herein.

133.    At the time of the above-stated incident, the Participating Officers were employees, agents, and/or servants of County of Placer, Placer County Sheriff's Department, and Sheriff Bonner. The Participating Officers, while acting under the color of law, detained Mr. Cruz without legal basis, forced him to the ground at gunpoint, handcuffed him, sicced a K-9 attack dog against him, refused him access to a hospital, and then forced him to continue working against his will (in that order), for the apparent benefit of the County of Placer, Placer County Sheriff's Department, and Sheriff Bonner.

134.    Alternatively, the Participating Officers, while acting under the color of law, detained Mr. Cruz without legal basis, forced him to the ground at gunpoint, handcuffed him, sicced a K-9 attack dog against him, refused him access to a hospital, and then forced him to continue working against his will (in that order), while under the apparent authority and agency of the County of Placer, Placer County Sheriff's Department, and Sheriff Bonner.

135.    The Participating Officers acted within the course and scope of their employment with County of Placer, Placer County Sheriff's Department, and Sheriff Bonner when they brutalized Mr. Cruz as mentioned above.

136.    The Participating Officers acted in accordance with a known or perceived master-servant relationship when they brutalized Mr. Cruz as mentioned above.

137.    As a result, County of Placer, Placer County Sheriff's Department, and Sheriff Bonner are liable for the acts and/or omissions of the Participating Officers under the doctrine of *respondeat superior*.

WHEREFORE, ANSELMO CRUZ VALDEZ demands judgment against Defendants, and each of them, as follows:

1.     Compensatory damages;

2.     Special damages;

3.     Punitive damages;

4.     Prejudgment interest,

5.     Reasonable attorney's fees and costs; and

6.     Such other and further relief as this Court deems just and proper.

Dated:  October 27, 2015

**SARIOL LEGAL**


/s/Stephen N. Rosen, Esquire._____
STEPHEN N. ROSEN, ESQ.
California Bar No.: 296345
1600 N. Broadway, Suite 650
Santa Ana, CA 92706

Attorneys for ANSELMO CRUZ VALDEZ